UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY CHAMBERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-1343-D |
| ANITA TRAMMELL et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Timothy Chambers, a state prisoner appearing pro se, has initiated the present action under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. *See* Compl. (Doc. No. 1). United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). For the reasons that follow, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Oklahoma.

PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

Plaintiff alleges that on November 17, 2014, after his cellmate and he covered up the window to their cell, four unknown OSP correctional officers unlawfully subjected him to physical and verbal abuse, including: punches and threats, having his hair tied in knots, being "pranced" through the prison yard in boxer shorts, and receiving insults based on his sexual orientation. *See* Compl. at 2, 4.[1] Plaintiff contends that he was transferred to a different cell and that he fears further physical and disciplinary retaliation

---
[1] References to filings use the ECF pagination.

from prison officials. *See id.* at 5. Plaintiff further alleges that he was denied the use of forms to administratively exhaust his claims within the prison and that he received no disciplinary misconduct as a result of these events. *See id.* at 5, 8. Plaintiff seeks injunctive relief as well as compensatory, punitive, and nominal damages. *See id.* at 8; Doc. No. 3.

## ANALYSIS

*A. Screening*

The Court is obligated to conduct an initial review of Plaintiff's Complaint and dismiss the Complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a)-(b); *see also* Doc. No. 2 (Plaintiff's application to proceed *in forma pauperis*); 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions and requiring dismissal under these grounds "at any time"); 42 U.S.C. § 1997e(c)(1) (governing prisoners' Section 1983 actions challenging prison conditions and requiring dismissal "if the court is satisfied" that any of these grounds exist).

Pursuant to this duty, the Court may consider sua sponte whether proper venue is lacking "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider . . . venue on a § 1915 screening . . . ."). The Court accordingly may consider whether transfer to

another venue would better serve the interests of justice. *See, e.g.*, *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.").

B. *Proper Venue in This Lawsuit*

For a federal civil action such as the one asserted by Plaintiff, venue is proper in a judicial district where: (1) any defendant resides, if all defendants are residents of the state in which that district is located; or (2) a substantial part of the events giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b)(1), (2). If more than one district offers a proper venue, the Court of the district in which the action was originally filed may consider whether the action should be transferred to another qualifying district in the interest of justice and for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

Venue is presumably proper in the Western District of Oklahoma. Plaintiff identifies three named Defendants and four unnamed Defendants to this lawsuit. *See* Compl. at 1, 2, 3. Included among the named Defendants is Robert Patton, Director of the Oklahoma Department of Corrections ("ODOC"). *See id.* at 1. The Court may judicially notice that ODOC is headquartered in Oklahoma City, Oklahoma County, Oklahoma.[2] Therefore, the naming of Director Patton as a Defendant presumably would

---

[2] Okla. Dep't of Corr., *Director's Office*, http://www.ok.gov/doc/About_Us/Director's_Office/ (last visited Dec. 23, 2014).

3

cause venue to lie in the Western District of Oklahoma. *See* 28 U.S.C. §§ 116(c), 1391(b)(1).

Venue also is proper in the Eastern District of Oklahoma. Plaintiff identifies the residence of two named Defendants (Warden Anita Trammell and Chief of Security Peterson) and of all four unnamed Defendants as McAlester, Oklahoma. *See* Compl. at 2, 3. McAlester lies in Pittsburg County, which is within the boundary of the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Further, the face of the Complaint makes clear that "a substantial part of the events" "giving rise" to Plaintiff's claims occurred at OSP, which likewise is located in McAlester and therefore within the Eastern District of Oklahoma. *See* Compl. at 1, 2, 4-5; 28 U.S.C. §§ 116(b), 1391(b)(2).

Because venue properly lies in both districts, the Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interest of justice. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *Love's Travel Stops*, 2010 WL 4811450, at *6. Given that the events alleged by Plaintiff occurred largely if not entirely in the Eastern District of Oklahoma, and the only Defendant who appears to reside in the Western District of Oklahoma is a public official with statewide authority, the Court should find that such a transfer is in the interest of justice.

The misconduct that Defendants allegedly engaged in, and the acts that Plaintiff fears will transpire in the future, are confined to the Eastern District of Oklahoma. For example, the described beating and taunting of Plaintiff, transfer of Plaintiff between

4

cells, deprivation of Plaintiff's ability to administratively grieve, and potential future retaliation against Plaintiff by prison officials all allegedly took place or will take place at OSP. *See* Compl. at 4-7. The Eastern District also is identified as the residence of six of the seven Defendants, and that judicial district likely would serve as the residence of many potential witnesses in this litigation (e.g., Plaintiff's cellmate and other OSP prisoners). Beyond naming Director Patton as a Defendant, Plaintiff does not implicate ODOC in his claims or contend that Director Patton was directly involved in or even aware of the acts alleged. *See* Compl. at 1, 4-5.

Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(1) and (2), and that district has a significantly greater connection to the acts and persons at issue in the Amended Complaint than does the Western District of Oklahoma. Accordingly, the undersigned recommends that this case be transferred pursuant to 28 U.S.C. § 1404(a).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 14, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 24th day of December, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE